IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC DAVID HARRIS,

    Plaintiff,

v.                                      CASE NO. 4:11-cv-146-RH-GRJ

EDWIN G. BUSS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections ("FDOC"), initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff paid the filing fee and the case is before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, it is respectfully **RECOMMENDED** that Plaintiff's Complaint (Doc. 1) be dismissed for abuse of the judicial process and as barred by res judicata.

## BACKGROUND AND FACTS

Plaintiff is an inmate under the custody of the FDOC at Lake Correctional Institution in Clermont, Florida. Plaintiff's Complaint names three Defendants in their individual and official capacities: Edwin Buss, Secretary of the FDOC; Kathleen L. Fuhrman, FDOC Dietary Manager; and S. Leavins, FDOC Food Service Director. Plaintiff claims the Defendants have subjected him to cruel and unusual punishment in violation of the Eighth Amendment and have denied him due process under the Fourteenth Amendment by serving him meals containing excessive levels of soy protein

and textured vegetable protein ("TVP").  Plaintiff contends the excessive levels of soy protein and TVP in his diet cause him painful cramping, constipation, flatulence, coughing, joint pain and a possible autoimmune disorder.  Plaintiff seeks monetary damages, injunctive relief, and attorney's fees.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (Twombly "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, the complaint must allege facts sufficient to move claims "across the line from

conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by Iqbal).

## DISCUSSION

Plaintiff's Complaint is due to be dismissed for two reasons.  First, Plaintiff abused the judicial process by failing to disclose two prior lawsuits he filed in this Court and also misrepresented the disposition of an identical lawsuit he filed less than one year ago in this Court.  Plaintiff's claims in the Complaint are also barred by res judicata because virtually identical claims were dismissed by the Court in a previously filed case.

### A.     Plaintiff's Abuse of the Judicial Process

Plaintiff executed the civil rights complaint form under penalty of perjury.  (Doc. 1 at 10.)   Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits.  (*Id*. at 5.)  Section IV B requires prisoners to disclose whether they have initiated actions in federal court "dealing with the same or similar facts involved in this action or otherwise relating to [the plaintiff's] imprisonment or conditions thereof."  Plaintiff checked "yes," and identified one prior case: Harris v. McNeil, Case No. 5:10-cv-76-RS-MD (N.D. Fla.).  Plaintiff represented the case concerned an "8th Amendment violation pertaining to soy," and the case "was dismissed without prejudice" for "failure to state a claim."  (*Id.* at 5.)

A review of the Court's CM/ECF docketing system reflects the one case

identified by Plaintiff in Section IV B in the instant Complaint did not terminate in the manner described by Plaintiff. Contrary to Plaintiff's representation that the case was dismissed without prejudice the docket for that case reflects the case was dismissed *with prejudice* pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. (Case No. 5:10-cv-76-RS-MD Doc. 34.) Thus, Plaintiff misstated the disposition of this case in Section IV B in the instant Complaint. This Court entered an Order To Show Cause (Doc. 4) asking Plaintiff to show cause why the case should not be dismissed as a result of this misstatement. Plaintiff responded and argued that he believed the dismissal was without prejudice. (Doc. 5.)

In addition to the requirements in Section IV B, the prisoner is required in Section IV D to disclose whether the prisoner has "initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted," and, if so, to identify each case and its disposition. Plaintiff checked "yes," and identified only one prior case: Harris v. McNeil, Case No. 5:10-cv-76-RS-MD (N.D. Fla.).

The Court's CM/ECF review, however, reflects that Plaintiff filed two other cases in this Court, one of which was dismissed for failure to state a claim and one of which was dismissed for failure to follow a Court order. Neither of these case were disclosed in Section IV D as required. In one of the cases, Plaintiff claimed a particular website caused him mental anguish as a close friend of one of the Columbine High School shooters. Harris v. Ledonne, Case No. 5:08-cv-4-RS-MD, Doc. 22. The case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Harris v. Ledonne, Case No. 5:08-cv-4-RS-MD, Doc. 38 (N.D. Fla. June 24, 2008).

*Case No: 4:11-cv-146-RH-GRJ*

In the second omitted case, Plaintiff asserted claims against both the then-Governor and then-Attorney General of Florida alleging that Florida's lack of a male version of battered woman's syndrome was unconstitutionally discriminatory. The Court dismissed that case without prejudice prior to service for failure to comply with a Court Order.  See Harris v. Crist, Case No. 4:08-cv-546, Doc. 17 (N.D. Fla. Mar. 30, 2009).

The Court's Order To Show Cause referenced Plaintiff's failure to disclose both cases and gave Plaintiff the opportunity to show cause as to why this case should not be dismissed for abuse of the judicial process.  (Doc. 4.)  In response, Plaintiff stated his failure to disclose these two previous lawsuits in the Complaint was because he lost paperwork due to prison shakedowns, his legal name change, and his incomplete memory regarding his prior lawsuits.  (Doc. 5.)

Plaintiff's excuse is disingenuous particularly in view of the fact that on June 9, 2010 –  the date Plaintiff filed the Second Amended Complaint in Harris v. McNeil, Case No. 5:10-cv-76-RS-MD, Doc. 30 at 6 –  Plaintiff identified at least one of the two cases omitted from Section IV D of the complaint form in this case.[1] The Complaint in this case was filed on April 8, 2011, just nine months later. Thus, despite the fact that the two cases were filed close in time, Plaintiff failed to advise the Court about the Ledonne case.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the

---

[1] In that case, Plaintiff listed Harris v. Ledonne, Case No. 5:08-cv-4-RS-MD, Doc. 38 (N.D. Fla. June 24, 2008) as a previous lawsuit which had been dismissed.

*Case No: 4:11-cv-146-RH-GRJ*

judicial process.  See Redmon v. Lake County Sheriff's Office, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[2]  In Redmon, the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint for failure to disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held the district court had the discretion to conclude the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  Id.  The Court determined dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

Id.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  See Redmon, 2011 WL 576601, at *4; Johnson v. Crawson, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3,

---

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

2010)("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); Paulcin v. McNeil, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it."). Plaintiff's misrepresentation of the nature of the dismissal of one prior lawsuit in Section IV B – a lawsuit substantially identical to this action – and his complete failure to disclose two other cases -- one of which he had included in a prior lawsuit filed just nine months before this case – warrants dismissal of the Complaint.

**B.     Plaintiff's Claims Are Barred By Res Judicata**

Even if Plaintiff's claims were not due to be dismissed because of Plaintiff's abuse of the legal process, Plaintiff's claims in this case should also be dismissed because the claims are barred by res judicata. Plaintiff's Complaint in this case is virtually identical to the Second Amended Complaint Plaintiff filed in Case No. 5:10-cv-76-RS-MD. That case was dismissed with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. (Case No. 5:10-cv-76-RS-MD Doc. 34.) Plaintiff's Second Amended Complaint in Case No. 5:10-cv-76-RS-MD named five defendants: Defendants Fuhrman and Leavins, Defendant Buss's predecessor as FDOC Secretary, and two other state prison officials. (*Id.*) Just as Plaintiff alleges in this case, Plaintiff alleged in his Second Amended Complaint there

*Case No: 4:11-cv-146-RH-GRJ*

that defendants caused the Plaintiff injury or placed him at an increased risk of serious injury by forcing him to eat a diet in excess of the Food and Drug Administration's maximum daily recommended intake of soy protein, which purportedly caused Plaintiff "severe gastrointestinal problems and abdominal cramps." (Case No. 5:10-cv-76-RS-MD Doc. 30 at 8.) The claim in this case is for all intents and purposes based upon the same complaint – i.e. excessive soy in the diet – which Plaintiff attempted to prosecute in the previously dismissed case.

Res judicata bars relitigation of matters decided in a prior case. Jang v. United Technologies, Corp., 206 F.3d 1147, 1149 (11th Cir. 2000). Res judicata will bar a later action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same. Id.

The instant case satisfies all four requirements. This Court decided Plaintiff's previous case and clearly possessed jurisdiction over that action under 42 U.S.C. § 1983. The Defendants in this case are identical to the defendants in Case No. 5:10-cv-76-RS-MD, with the notable exception of Defendant Buss, who is defendant Walter McNeil's successor as FDOC Secretary, and the deletion of two other state prison officials, who were defendants in the earlier case. Plaintiff's claims in the instant Complaint also are substantially the same as in Case No. 5:10-cv-76-RS-MD. Plaintiff claimed there and claims here that the food served to him by the FDOC contains too much soy, which in turn causes Plaintiff cramping, constipation, flatulence, and other

maladies.³

Lastly, although the prior case was dismissed for failure to state a claim, the dismissal was with prejudice. Dismissal of a plaintiff's complaint for failure to state a claim serves as a final judgment on the merits for res judicata purposes which operates to bar subsequent actions by the same plaintiff arising out of the same nucleus of operative facts or which are based upon the same factual predicate. See Harmon v. Webster, 263 Fed. Appx. 844, 845-46 (11th Cir. 2008)(*per curiam*)(prior dismissal of a complaint for failure to state a claim satisfies the elements of res judicata and bars further lawsuits based on the same operative facts); NAACP v. Hunt, 251 F.3d 1346, 1349 (11th Cir. 2001)(a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is an adjudication on the merits for res judicata purposes). As such, the dismissal of the prior action constitutes a final judgment on the merits for purposes of res judicata.

Thus, all four requirements of res judicata have been satisfied in this case and, therefore, Plaintiff's claims in the instant Complaint are due to be dismissed.

## CONCLUSION

Accordingly, in light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Complaint (Doc. 1) should be dismissed for abuse of the judicial process and

---

³ While Plaintiff's Complaint in this action includes as an exhibit a memorandum not filed with his Second Amended Complaint in Case No. 5:10-cv-76-RS-MD regarding the alleged harmful effects upon the human body of ingesting too much soy, the fact remains that the basis of his claims in the two cases is the same.

*Case No: 4:11-cv-146-RH-GRJ*

because the claims are barred by res judicata.

**IN CHAMBERS** this 15th day of September, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**